**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

DELTA HEALTH GROUP, INC.,
A Delaware Corporation for Profit,

        Plaintiff,

v.                                      Case No. 3:05-CV-436/RV/EMT

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MIKE LEAVITT, in his official capacity as
SECRETARY of the UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

        Defendants.

_____/

**ORDER**

       Now pending before the Court is Defendants' motion for reconsideration (Doc. 34). For the reasons set forth below, the motion is DENIED.

**I.    BACKGROUND**

       The background of this case is described in the Order entered on October 17, 2006 (Doc. 32) ("the Order"), granting in part and denying in part the Defendants' motion to dismiss, and it is incorporated herein. In short, this litigation involves the issue of "successor liability" under the Medicare program. Defendants are seeking to collect a civil money penalty ("CMP") from Plaintiff --- the current operator of a skilled nursing facility --- for violations discovered several years ago while the facility was being operated by another entity ("HCPIII"). Plaintiff filed an eight-

count Complaint in this matter, alleging that the CMP constitutes a penalty unauthorized by law (count I); it violates due process and protection against excessive fine (count II); it is barred by the statute of limitations (count III); it is barred by waiver (count IV); it is barred by accord and satisfaction (count V); it is barred by preclusive court judgment (count VI); it is unlawful insofar as the facility was in compliance for part of the challenged period (count VII); and it is improper to assess the CMP without affording Plaintiff an administrative hearing (count VIII). For the reasons stated in the Order, I dismissed counts I, II, and VIII, but allowed the other five causes of action to proceed. Defendants have now filed a motion for "reconsideration," requesting that I dismiss count VII as well.

## II.   DISCUSSION

Before turning to the merits of this issue, I must consider the appropriate standard of review to apply to Defendants' motion. Defendants have filed their motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (see Doc. 34 at 5 (referring to the motion for reconsideration as "Defendants' 60(b) Motion")). But, Rule 60(b) has no application here as that rule only applies to *final* judgments and orders. Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970); see also Moore's Federal Practice § 60.23 (3d ed. 2006) (observing that "all courts readily agree that a 'final' judgment is needed to support a Rule 60(b) motion") (collecting multiple cases). An order granting in part and denying in part a motion to dismiss is interlocutory and, therefore, does not qualify under Rule 60(b). Instead, Rule 54(b) of the Federal Rules of Civil Procedure --- which applies to "any order or other form of decision" --- governs this issue. See CSX Transp., Inc. v. City of Pensacola, Fla., 936 F. Supp. 885, 889 (N.D. Fla. 1995). Rule 54(b) provides that a nonfinal, interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 54(b) does not set forth the specific grounds for revision, but a district court has the inherent power to reconsider and revise its orders in the interests of justice. Id.; see also John Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 90-91, 42 S. Ct. 196, 66 L. Ed. 475 (1922). Thus, although presented as a Rule 60(b) motion, Defendants are really asking that the Court exercise its "inherent power" to revise the Order (see Doc. 34 at 5 ("[a district court] possesses the inherent power to reconsider or modify an interlocutory order for cause seen by it to be sufficient")). It is under this standard that I will consider Defendants' motion to reconsider.[1]

Plaintiff asserts in count VII that the full CMP is not collectible because the facility was in substantial compliance for part (indeed, most) of the charged period. Specifically, Plaintiff claims that the facility was noncompliant for 8 days, but it was charged with being noncompliant for 25 days. Defendants' argument in support of dismissing this count is based on the following syllogism: Because a facility seeking to reduce a CMP must bring the claim in an administrative hearing (which must be requested within 60 days), and because I concluded as to count VIII that Plaintiff is not entitled to an administrative hearing, then count VII must necessarily fail. While this argument has surface appeal, after careful consideration,

---

[1]

Although Defendants ask that I "reconsider" dismissing count VII, in reality, they did not move to dismiss --- nor did it appear that they intended their motion to encompass --- that specific cause of action. To the contrary, Defendants moved to dismiss Plaintiff's Complaint on the grounds that (i) jurisdiction was improper in this Court and, in any event, (ii) the doctrine of successor liability rendered Plaintiff liable for the CMP even in the absence of an administrative hearing. Based on how Defendants presented their claims, the second argument (ii) seemed to apply only to counts I, II, and VIII. In other words, Defendants appear to now be asking me to "reconsider" a claim that was not raised (at least not directly) in their original motion to dismiss. However, because this claim apparently arises under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and because Rule 12(b)(6) claims cannot be waived, see Fed. R. Civ. P. 12(h)(2), I will consider the argument now.

Case No.: 3:05-CV-436/RV/EMT

I must conclude that count VII should not be dismissed at this time.

First, the reason for my dismissal of count VIII should not be misunderstood. For that specific cause of action, Plaintiff was arguing that it was entitled to its own hearing, even though one had been made available to HCPIII. Plaintiff thus argued under that count that it was a "different person than HCPIII" and, therefore, it should be given a new hearing to argue and raise "statutory factors" that had been available to HCPIII. These "statutory factors," as alluded to in the Order and as quoted in Defendants' motion for reconsideration, may have been relevant to "*inter alia*, the amount of the CMP." But, I concluded that the law did not support the claim that Plaintiff was entitled to a new hearing. See BP Care, Inc. v. Thompson, 398 F.3d 503, 513 (6th Cir. 2005); Cedar Hill Manor, LLC v. Dep't of Social Serv., 145 S.W.3d 447, 453-54 (Mo. App. 2004); see also BP Care, Inc. v. Thompson, 337 F. Supp. 2d 1021, 1028 (S.D. Ohio 2003) (rejecting claim that the new owner "had no opportunity to participate in administrative review of the civil money penalty and thus should not be liable to pay it," even if the "administrative proceedings finished long before [the new owner assumed the] provider agreement, CMS could still collect the civil money penalty"); accord Wellington Oaks Care Center v. HCFA, Docket No. C-96-203, DAB No. CR456, 1997 WL 72173 (H.H.S.) (Jan. 28, 1997) (new owner is not entitled to an extension of time to request an administrative hearing; holding that enforcement remedies are imposed upon the *providers*, not upon the *owners*, and therefore CMS "need not concern itself with issues between present owners and previous owners" as present owners "cannot be permitted to 'start over again' the orderly process" by which a remedy is enforced). Stated differently, the dismissal of count VIII was based on the premise that Plaintiff may not "start over again" the administrative process just because it believes (incorrectly) that it is a new "person" entitled to a new hearing. The

allegations in count VII are different from those in count VIII, however.

Plaintiff does not contend in count VII that it is entitled to a hearing merely because it is a new owner. Instead, count VII involves the more specific allegation that the facility was noncompliant for 8 days, yet Defendants charged HCPIII for 25 days. Defendants are correct that, ordinarily, this type of claim must be raised administratively. Plaintiff has argued, however, that HCPIII did not request a hearing to challenge the period of noncompliance back when it had the opportunity to do so because Defendants' notice letters did not notify HCPIII when the CMP stopped accruing, as was apparently required under the regulations. See 42 C.F.R. § 488.434(a)(2). Indeed, it appears that Defendants did not inform HCPIII of the duration of the penalty until well after the 60-day period to request a hearing had expired. Until that point, HCPIII believed the CMP was only charged for 8 days, *and it was willing to pay that amount*; consequently, there was no reason for it to request a hearing. It is possible that Plaintiff --- by "stepping in the shoes" of HCPIII --- may be able to state a waiver or equity-based argument in support of this claim. Given the facts as presented in the Complaint and in Plaintiff's response to Defendants' motion, and taking these facts in the light most favorable to Plaintiff, it is inappropriate to foreclose entirely this claim at the motion to dismiss stage.[2]

Having decided that Defendants' motion for reconsideration must be denied,

---

[2]

I express no opinion on the merits or likelihood of success on this claim. Moreover, without the benefit of briefing on this specific issue, I express no opinion at this time as to whether this Court is the appropriate forum to award relief under count VII --- that is, reduce the CMP by shortening the period of noncompliance --- if the claim does have merit. Indeed, depending on how the case progresses and upon further briefing, it may be proper to refer this claim to a hearing with an ALJ. To the extent such a referral would be inconsistent with my prior dismissal of count VIII, as noted above, I have the inherent power and authority to revisit the issue. I need not resolve the question at this time, however.

Case No.: 3:05-CV-436/RV/EMT

I also address and clarify two issues raised by Plaintiff in its response to Defendants' motion.

First, I explained in the Order that the justification for successor liability, as discussed and provided for in case law, appeared to be three-fold. One of the reasons for imposing liability is that "'collection of CMPs from successors allows the replenishment of the Medicare trust funds when a previous operator dissolves or otherwise becomes judgment-proof'" (Doc. 32 at 25, *quoting* <u>Deerbrook Pavilion, LLC v. Shalala</u>, 235 F.3d 1100, 1104 (8th Cir. 2000)). I concluded that this circumstance was present to some extent in this case because HCPIII did, in fact, file for bankruptcy. Plaintiff has "respectfully" disagreed with this conclusion, suggesting that "the pleadings show otherwise" (Doc. 35 at 2 n.1). Preliminarily, it should be recognized that Defendants' admission upon which Plaintiff has relied for this claim --- which was contained in Defendants' Answer --- was only filed *after* the Order was issued. Therefore, the pleadings did not "show otherwise" at the time the Order was drafted. In any event, a close review of the pleadings, and comparison with the language from the Order, reveals that they are not inconsistent at all. Plaintiff quoted selectively from the Order, leaving out the language from <u>Deerbrook</u> explaining that CMPs are collected from successors and placed into the Medicare trust fund "*when a previous operator dissolves or otherwise becomes judgment-proof*." The allegation in the Complaint by contrast (to which Defendants have admitted), merely explains that the purpose of the CMP at issue in this case was not intended to generally replenish the Medicare or Medicaid programs for "*overpayments or actual loss*, nor to make a '*profit*' for these programs" (emphasis added). That broad statement is not disputed in this case, nor is it contradicted by or inconsistent with the Order.

In addition, Plaintiff has again argued that it is unfair to expect new

operators like Delta Health Group, Inc. to know that they may have successor liability for prior CMPs, particularly when the CMPs are related to "long-corrected deficiencies [and] still lurk uncollected, like unexploded land mines." Plaintiff argues that collection of the CMP here is improper, and yet "the Court apparently feels relief for Delta on this basis is legally foreclosed, no matter what the facts are" (Doc. 35 at 11 n.5). That is simply not true, as evidenced by the fact that the Order specifically held --- *based on the unique facts of this case* --- that Plaintiff is entitled to assert a number of different claims, including waiver, preclusive court judgment, and statute of limitations. These various claims may indeed have relevance to the argument that a CMP for a long-corrected deficiency that still lurks uncollected, like an unexploded land mine, should not be enforced on the facts of this case. I merely held in the Order that the doctrine of successor liability is so well-settled that neither that cause of action standing alone (count I), nor the related claims of due process and request for administrative hearing (counts II and VIII), could survive Defendants' motion to dismiss.

Significantly, as I observed in the Order, Plaintiff filed a 23-page memorandum of law in response to Defendants' motion and yet failed to identify a single case where successor liability has been successfully challenged. Similarly, Plaintiff filed a 15-page response to Defendants' motion for reconsideration, and it has still not cited a single case where a court anywhere has allowed such claims to stand. All federal and state court cases and administrative decisions of which I am aware have held those three claims are, indeed, "legally foreclosed." See, e.g., BP Care, Inc., *supra*, 398 F.3d at 506 n.1, 513-14 (noting that the governing regulations require the agency "to issue a notice of right to hearing to a *facility* assessed with CMPs, not to the business operating it;" further observing that while successor liability is not directly mentioned in the Medicare Act or the regulations,

Case No.: 3:05-CV-436/RV/EMT

it is endorsed "under HHS policy") (emphasis in original); In re Charter Behavioral
Health Sys, LLC, 45 Fed. Appx. 150, 151 n.1 (3d Cir. 2002) (unpublished decision)
("If the new owner elects to take an assignment of the existing Medicare Provider
Agreement, it receives an uninterrupted stream of Medicare payments but assumes
successor liability for overpayments and [CMPs] asserted by the Government
against the previous owner"); Deerbrook, supra, 235 F.3d at 1103-05 (rejecting
due process challenge to CMP successor liability claim; holding that when a
provider agreement is assigned to a new owner the facility is purchased "as is" and
the penalty "carries over to the subsequent owner"); United States v. Vernon Home
Health, Inc., 21 F.3d 693, 696 (5th Cir. 1994) (holding that "[b]y accepting
[assignment of the prior owner's agreement], Vernon II agreed (albeit unknowingly)
to accept the terms and conditions of the regulatory scheme," including successor
liability for overpayments) (emphasis added).

    Plaintiff believes the above result to be unfair, but it has not pointed the
Court to contrary authority from the Eleventh Circuit or elsewhere. As specifically
noted in the Order, in the absence of any such authority, "I reluctantly accept this
principle."

## III.  CONCLUSION

    For the foregoing reasons, Defendants' motion for reconsideration (Doc. 34)
is hereby DENIED.

    DONE AND ORDERED this 20th day of November, 2006.


                  /s/ *Roger Vinson*
                  **ROGER VINSON**
                  **Senior United States District Judge**


Case No.: 3:05-CV-436/RV/EMT